WALTER CLIVER, PLAINTIFF-APPELLANT, v. ALEXANDER HARRIS, DEFENDANT-RESPONDENT.

Argued June 26, 1916—Decided November 20, 1916.

A party who purchases a crop of grain can acquire no better or different title thereto than the seller had at the time of the sale.

On appeal from the Burlington Circuit Court.

For the appellant, *V. Claude Palmer.*

For the respondent, *James Mercer Davis.*

The opinion of the court was delivered by

Kalisch, J. This case was tried together with the case of Emma O'Leary, administratrix, against the same defendant, at the Burlington Circuit, and a verdict was directed for the defendant.

The plaintiff's action was for trover and conversion against the defendant to recover the value of twenty acres of growing grain which the plaintiff bought from Mrs. O'Leary in March, 1915, and which crop of grain the defendant, in July, 1915, refused to let the plaintiff reap, and appropriated the same to his own use.

The facts are fully set forth in an opinion filed, in the case of *Emma O'Leary, Administratrix,* v. *Alexander Harris, post* p. 671, at the present term of court, and in which case we

reached the conclusion that Mrs. O'Leary had no title to the crop of grain.

In the case *sub judice* the plaintiff's right to a recovery depended solely upon the title of Mrs. O'Leary to the grain, since the plaintiff claimed to have bought the crop of grain from her, and as she had no title thereto, of course, the plaintiff could not have acquired any by such purchase, and hence the verdict in favor of the defendant was properly directed.

The judgment will be affirmed, with costs.

WHITE, J. (dissenting). I am unable to agree that there was a "surrender" of the tenancy in this case. In January, 1915, the landlord received and receipted for the rent for the current year ending in March, 1915, and agreed with the tenant that the portion of the lease for the balance of the term after that year should be canceled. It is said that this was a "surrender." I think not. I think it was a contract changing the lease from one for three years to one for one year. The tenant did not give up possession to the landlord in January when the agreement was executed, but in March at the end of the term of the lease as thus changed. Can it be doubted that she held possession during this time from January to March as a tenant under that lease, or that if in March she had refused to give up possession to the landlord she could have been summarily dispossessed under the Landlord and Tenant law as upon the termination of her term at that time? I think not. This leads me to the view that at the end of the one-year term under the modified lease she was entitled to emblements just the same as she would have been at the end of the three-year term if the lease had not been changed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—WHITE, J. 1.